ECOLINE, INC., Plaintiff–Counter–Defendant–Appellant,

v.

LOCAL UNION NO. 12 OF the INTER-NATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ASBESTOS WORKERS, AFL–CIO, Defendant–Appellee,

Board of Trustees of the International Association of Heat and Frost Insulators and Asbestos Workers Local 12 Employee Benefit Funds, Defendant–Counter–Claimant–Appellee.

No. 06–4403–cv.

United States Court of Appeals, Second Circuit.

March 26, 2008.

Daniel T. Campbell, Belson, Campbell & Szuflita, New York, NY, for Plaintiff–Counter–Defendant–Appellant.

Denis A. Engel (Erin O. Doherty, on the brief), Colleran, O'Hara & Mills L.L.P., Garden City, NY, for Defendant–Appellee and Defendant–Counter–Claimant–Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges, Hon. MARK R. KRAVITZ, District Judge.[1]

### SUMMARY ORDER

Ecoline, Inc. ("Ecoline") appeals the judgment of the District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*), entered on September

---

1. Honorable Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

18, 2006, adopting the June 20, 2006 Report and Recommendation of United States Magistrate Judge Ramon E. Reyes, Jr., denying Ecoline's petition to vacate the March 14, 2005 arbitration award issued by the Joint Trade Board, and granting the motion of Local Union No. 12 of the International Association of Heat and Frost Insulators and Asbestos Workers, AFL–CIO, ("Local Union No. 12") and the Board of Trustees of the International Association of Heat and Frost Insulators and Asbestos Workers Local 12 Employee Benefit Funds ("Trustees") to confirm the award. We assume the parties' familiarity with the underlying facts and procedural history in this case.

Ecoline urges us to vacate the Joint Trade Board's award because there was "evident partiality" in the Board at the hearing held on February 3, 2005, within the meaning of § 10(a) of the Federal Arbitration Act ("FAA"), *see* 9 U.S.C. § 10(a), and *Morelite Constr. Corp. (Div. of Morelite Elec. Serv., Inc.) v. N.Y. City Dist. Council Carpenters Ben. Funds,* 748 F.2d 79 (2d Cir.1984),[2] because all Joint Trade Board members also served as Trustees. When reviewing a district court's decision to vacate or confirm an arbitration award, we review findings of fact for clear error and questions of law de novo. *See Applied Indus. Materials Corp. v. Ovalar Makine Ticaret Ve Sanayi, A.S.,* 492 F.3d 132, 136 (2d Cir.2007). Ecoline's claim of an alleged conflict of interest in the Joint Trade Board is the only fact on which Ecoline bases its claim of partiality, and Ecoline's claim thus fails.[3]

First, on July 1, 2002, when Ecoline signed the collective bargaining agreement ("CBA"), Ecoline agreed to the resolution of disputes arising under the CBA by a Joint Trade Board, which was made up of five members of Local Union No. 12 and five members of the Insulation Contractors Association of New York City, Inc. ("Insulation Contractors Association") and would "investigate all labor operations of the parties" and settle any trade disputes or grievances. "In general, individuals are charged with knowledge of the contents of

---

**2.** 9 U.S.C. § 10(a)(2), provides that a district court "may make an order vacating the award upon the application of any party to the arbitration ... where there was evident partiality or corruption in the arbitrators, or either of them." Local Union No. 12 urges us to overrule *Morelite,* 748 F.2d 79, which applied this statute in the context of a collective bargaining agreement, "as unnecessary intrusion by the FAA into the field of labor law." Citing *Coca–Cola Bottling Co. v. Soft Drink & Brewery Workers Union Local 812,* 242 F.3d 52, 53 (2d Cir.2001), Local Union No. 12 claims that the FAA is inapplicable to this dispute and, as the FAA is the sole basis for Ecoline's claims, Ecoline's claim thus fails. *Morelite* and *Coca–Cola* do not necessarily present as drastic a conflict as Local Union No. 12 claims. The Supreme Court has held that we may use the FAA as a source of principles and guideposts in developing federal common law under section 301 of the Labor Management Relations Act. *See United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 41 n. 9, 108 S.Ct. 364, 98 L.Ed.2d

286 (1987) (referencing Section 10(c) of the FAA in analyzing an arbitrator's refusal to consider certain evidence under the federal labor laws); *see also Coca–Cola Bottling Co.,* 242 F.3d at 54 ("[T]he body of law developed under [the Labor Management Relations Act] will at times draw upon provisions of the FAA, but by way of guidance alone."). Nonetheless, as we find that even if the standard set out by the FAA and *Morelite* applies, Ecoline has not satisfied it, and we need not resolve any potential conflict between *Morelite,* 748 F.2d 79, and *Coca–Cola,* 242 F.3d 52.

**3.** This case does not present the problem of a failure to disclose a fact or relationship which could result in bias or partiality. *Cf. Commonwealth Coatings Corp. v. Casualty Corp.,* 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968). Ecoline admits that it was aware, prior to the 2005 hearing, that Joint Trade Board members were also Trustees. We note that Local Union No. 12 also admits that Ecoline raised the substance of its partiality claim at the arbitration.

documents they sign" and " 'a person who signs a written contract is bound by its terms regardless of his or her failure to read and understand its terms.' " *Consolidated Edison Co. of N.Y., Inc. v. United States,* 221 F.3d 364, 371 (2d Cir.2000) (quoting *Betaco, Inc. v. Cessna Aircraft Co.,* 32 F.3d 1126, 1136 (7th Cir.1994)). The CBA does not limit or define the members of each party that may serve on the Joint Trade Board. Thus, despite Ecoline's claim that it did not understand how or which individuals would serve on the Joint Trade Board, Ecoline signed the CBA and is charged with understanding the possibility that the Joint Trade Board members could have other duties, including Trustee duties. Moreover, there is evidence in the record that Ecoline did know that the same people served on the Joint Trade Board and as Trustees, possibly even as early as when it signed the CBA.

Because Ecoline agreed to arbitration by the Joint Trade Board it cannot now resist the arbitration on the grounds that it prefers a different arbitration procedure. *See United Aircraft Corp. v. Canel Lodge No. 700,* 436 F.2d 1, 4 (2d Cir.1970). As we have said, "[a] party may, of course, agree to the designation of an arbitrator who is otherwise disqualified for interest." *Morelite,* 748 F.2d at 84 n. 5; *see also Delta Mine Holding Co. v. AFC Coal Props., Inc.,* 280 F.3d 815, 821 (8th Cir. 2001) ("Generally, partisan arbitrators are permissible.... The parties to an arbitration choose their method of dispute resolution, and can ask no more impartiality than inheres in the method they have chosen." (citations and internal quotation marks omitted)). Here, Ecoline clearly agreed to this mode of arbitration, and we have no reason not to uphold it.

Second, even if Ecoline could show that it did not agree to have its disputes with the Local Union No. 12 settled by a Joint Trade Board made up of individuals who also served as Trustees, Ecoline has not met its burden of showing partiality. "A party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high." *See D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 110 (2d Cir.2006). In order to satisfy that burden, we require a party to show more than mere speculation of bias. *See Local 814, Int'l. Brotherhood of Teamsters v. J & B Systems Installers & Moving, Inc.,* 878 F.2d 38, 41 (2d Cir.1989) (explaining that "while we do not require proof of actual bias, the reasonable person standard does require more than speculation that amounts to a claim that there is an 'appearance of bias' "). Sufficient facts must be proved so that "a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration." *Morelite,* 748 F.2d at 84. "In assessing a given relationship, courts must remain cognizant of peculiar commercial practices and factual variances. Thus, the small size and population of an industry might require a relaxation of judicial scrutiny, while a totally unnecessary relationship between arbitrator and party may heighten it." *Id.*

Given the special nature and composition of the Joint Trade Board established by the CBA, we find that the mere presence of the Trustees on the Board does not invalidate the arbitral award. The parties presumably sought the particular expertise on offer from the Board members when they established the Joint Trade Board as the arbitral tribunal. The allegations of partiality in this case are based solely on the Trustees's business dealings, which are understood to be part of the reason why they were chosen to be arbitrators. *See Int'l Produce, Inc. v. A/S Rosshavet,* 638 F.2d 548, 551–52 (2d Cir.1981) ("The most sought-after arbitrators are those who are prominent and experienced members of

the specific business community in which the dispute to be arbitrated arose. Since they are chosen precisely because of their involvement in that community, some degree of overlapping representation and interest inevitably results."). Ecoline apparently had no viable defense to Local Union No. 12's demand, and the Joint Trade Board resolved the dispute in what seems an unbiased and fair manner. For all these reasons, this case is distinguishable from *Morelite* where we held that the undisclosed and personal father-son relationship between an arbitrator and an officer of one of the unions, of which the winning party was a local unit, satisfied "evident partiality" under § 10(a)(2). *Id.* at 85 (declining to list the "relationships that will result in *per se* vacation of an arbitration award," but noting that any such list "would likely be very short"). Under these circumstances, we find that vacating the arbitration award because of the mere appearance of bias due to an alleged conflict of interest would seriously disrupt the salutary process of settling these disputes through arbitration.

We have considered all of Ecoline's arguments and find them to be without merit. For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.